UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- 09 CV 2696 (CPS)(RER)
DAVID EHRICH, **CLASS ACTION**

                                                          Plaintiff,

    -against-

RJM ACQUISITIONS LLC AND
SCOTT MATTE,

                                                          Defendants.
--------------------------------------------------------------------

## AMENDED COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.    This action seeks redress for the illegal practices of Defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### Jurisdiction and Venue

2.    This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.    Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District.  Additionally, plaintiff resides in this District.

4.    Plaintiff is a resident of the State of New York who resides in this District.

5.    Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA

in that the alleged debt that the defendant, sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, defendant, RJM Acquisitions, LLC ("RJM") is an active New York business, which caused the collection letter complained of herein, to be sent within the county of Queens, State of New York.

7. Upon information and belief defendant Scott Mattie is the manager of the defendant and did produce and authorize the sending of the communications complained of herein.

7. Defendants are regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendants are "Debt Collectors" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendants on or about February 21, 2008. Additional communications in the form of collection letters were received by the plaintiff up and through April of 2009. None of these communications satisfied section 1692g's notice requirement.

CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and two separate classes. The first class consists of all consumers residing within the Eastern District of New York, who have received debt collection notices and/or letters from the defendant which contain one or more of the violations of the FDCPA specified in this complaint, from the period beginning June 10, 2007. This class is already the subject of a related

action entitled Sheryl Stark v RJM Acquisitions, LLC. The second class consists of all consumers within the United States who have received debt collection notices and/or letters from the defendants which contain one or more of the violations of the FDCPA specified in this complaint, from the period beginning one year prior to the filing of this complaint up and until 20 days thereafter. Excluded from the Class are the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants. The following allegations pertain to both classes which are based upon the same violations of the FDCPA.

11. Both proposed classes are properly maintainable as class actions. The Classes satisfies all the requirements of Rule 23 for maintaining class actions.

12. The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons within each class have received debt collection notices from the defendants, which violate various provisions of the FDCPA. This information is based upon information obtained in the action captioned Stark v RJM Acquisitions as well as other factors including, but not limited to, that the defendant RJM is a major debt buyer and purchases debts from major credit Banks including Wachovia Chase, Target and other national entities. The Defendant RJM has been named in tens of other FDCPA lawsuits throughout the country base upon its debt collection practices.

13. There are questions of law and fact which are common to the Classes and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692g and 1692f.

    b. Whether plaintiff and the Classes have been injured by the defendants' conduct; and

    c. Whether plaintiff and the Classes have sustained damages and are entitled to restitution as a result of defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14. Plaintiff's claims are typical of the claims of the Classes, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

15. Plaintiff will fairly and adequately protect the interests of the Classes and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of these class actions.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy.

18. As to each class defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letter is a form letter sent by defendant to the plaintiff.

21. Collection letters, such as those sent by defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. Section 1692g requires the debt collector to give what is commonly referred to as a 30-day notice within five days of its initial communication with the consumer.

23. Section 1692e of the Fair Debt Collection Practices Act states that:
"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

24. Defendants violated § 1692g, by failing to give the full and proper 30 day notice and emphasizing language that overshadows the 30-day notice by making offers and by including various notices that do not pertain to the consumer. Defendant violated 1692g(5) by failing to inform the consumer that she had a right to request the name and

5

address of the original creditor by writing the debt collector.

25. Defendants violated § 1692e by using false and deceptive means in connection with the collection of the debt by the conduct alleged in the previous paragraph. Additionally the defendants falsely suggested that payment would not affect the consumer's right to dispute the debt.

26. Defendants violated § 1692f by continuing to communicate with the consumer despite their failure to give the required notices.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative for both classes;

b) Awarding plaintiff statutory damages;

c) Awarding the first class statutory damages, costs, including reasonable attorneys' fees and expenses and such other and further relief as the Court may deem just and proper; and

d) Awarding the second class statutory damages, costs, including reasonable attorneys' fees and expenses and such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
September 14, 2009

          S/Lawrence Katz
          Lawrence Katz
          Attorney at Law
          445 Central Avenue Suite 201
          Cedarhurst, New York 11516

                              Telephone  (516) 374-2118
                              Facsimile   (516) 706-2404

Plaintiff requests trial by jury on all issues so triable.


                                              <u>S/Lawrence Katz</u>
                                              Lawrence Katz

Case 1:09-cv-02696-BMC-RER   Document 13   Filed 09/14/09   Page 7 of 7 PageID #: 118

7