UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVID EHRICH,

                           Plaintiff,

                 -against-

RJM ACQUISITIONS LLC and
SCOTT MATTE,

                          Defendants.
-----------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 2696 (BMC)(RER)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 4 2009 ★
BROOKLYN OFFICE

COGAN, District Judge.

Plaintiff David Ehrich commenced this purported class action against defendants RJM Acquisitions LLC ("RJM") and Scott Matte (together, "Defendants") on June 24, 2009, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA" or the "Act") through debt collection letters they sent to Plaintiff. Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's claims are barred by the statute of limitations, and, alternatively, Defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons set forth below, the motion to dismiss is granted with respect to Plaintiff's claim under the notice provision of the FDCPA, 15 U.S.C. § 1692g(a), and any claims reliant on the February 21, 2008 debt collection letter. The Court *sua sponte* dismisses without prejudice the remainder of Plaintiff's claims on the ground that the Amended Complaint does not satisfy the pleading requirements of Federal Rule of Civil

Procedure 8, and grants Plaintiff leave to file a second amended complaint. Defendants' motion for a more definite statement is denied as moot.

## BACKGROUND

The following facts are drawn from the Amended Complaint and are taken as true for present purposes. *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

Plaintiff Ehrich is a resident of the State of New York and the Eastern District of New York and is a "consumer" under the FDCPA, 15 U.S.C. § 1692a(3). Defendant RJM is a business located in New York and defendant Matte is the manager of RJM. Defendants are "debt collectors" under the FDCPA, 15 U.S.C. § 1692a(6).

From February 21, 2008 through April, 2009, Plaintiff received debt collection letters from Defendants. The letters allegedly failed to comply with the notice requirement of the FDCPA, 15 U.S.C. § 1692g(a), and violated the Act through the use of "language that overshadows the 30-day notice by making offers and by including various notices that do not pertain to the consumer." Am. Compl. ¶¶ 9, 24. Defendants also allegedly violated Section 1692e of the Act, which prohibits debt collectors from making false, deceptive and misleading representations, because they "falsely suggested that payment [of the debt] would not affect the consumer's right to dispute the debt." Am. Compl. ¶¶ 24, 25. Finally, Defendants allegedly violated Section 1692f of the Act, which prohibits debt collectors from using unfair or unconscionable means, because they communicated "with the consumer despite their failure to give the required notices." Am. Compl. ¶ 26. The Amended Complaint does not provide any of the debt collection letters or the language that allegedly violates the FDCPA.

2

# DISCUSSION

## I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must contain factual allegations to support the legal conclusions and the factual allegations must "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## II. Statute of Limitations

An action to enforce liability created under the FDCPA must be commenced within one year of the violation. 15 U.S.C. § 1692k(d). FDCPA violations accrue, at latest, on the date a debt collection communication is received. *See Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 n.2 (2d Cir. 1992) (declining to decide whether an FDCPA cause of action accrues upon receipt of the collection notice or upon the date of the mailing).[1] The Amended Complaint provides the date of receipt for only one communication – the initial debt collection letter received on February 21, 2008. The Complaint was filed on June 24, 2009. Accordingly, any claims which rely on the February 21, 2008 letter are time-barred.

---

[1] It has not been shown in this case that a decision is necessary regarding whether a cause of action accrues upon receipt or mailing of a collection letter.

3

The one-year statute of limitations also precludes Plaintiff's claims under 15 U.S.C. § 1692g(a), the notice provision of the FDCPA. Section 1692g(a) provides that when a debt collector attempts to collect on a consumer debt, it must send the consumer a detailed validation notice within five days of the initial communication. 15 U.S.C. § 1692g(a).[2] Thus, the alleged violation of the notice provision was complete by February 26, 2008, five days after receipt of the initial communication. Any letters after February 26, 2008 are irrelevant for purposes of the notice requirement in Section 1692g(a). *See Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 158 (E.D.N.Y. 2005) ("Section 1692g(a) merely requires a validation notice to be sent to a consumer on or before five days after an initial communication is sent by the debt collector. There is nothing in the statute which requires follow-up letters to contain the validation notice . . ."). Accordingly, Plaintiff's 15 U.S.C. § 1692g(a) claim is barred by the statute of limitations.[3]

---

[2] Section 1692g(a) of the FDCPA states:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[3] In an effort to avoid the statute of limitations, Plaintiff asserts that this case is "related" to a separate purported class action, *Sheryl Stark v. RJM Acquisitions LLC*, 08-cv-2309 (E.D.N.Y.), in which Plaintiff is a member of the purported class. Pl.'s Mem. of Law at 2-3. However, stating that one case is related to another does not render a complaint timely when it was filed outside of the statute of limitations. *See Reliance Ins. Co. v. Polyvision Corp.*, 292 Fed. Appx. 106, 107-08, 2008 WL 4163188 (2d Cir. Sept. 5, 2008) (complaint is not made timely through an earlier pleading made by a different party in a separate action). The one case cited by Plaintiff in this regard is not

Defendants argue that the entire Amended Complaint must be dismissed on statute of limitations grounds because "Plaintiff's claim for violation of the FDCPA accrued on February 21, 2008, when defendants first attempted to collect on the debt, and it is not revived by subsequent communications for the same debt." Def. Mem. Supp. Mot. to Dismiss at 2; *id.* at 5. However, separate communications that violate the FDCPA can create separate causes of action.[4] *See, e.g.*, 15 U.S.C. §§ 1692e, 1692f, 1692k (these sections show that a plaintiff may have multiple causes of action for collection letters that are related to a single debt). Claims based on communications falling within the one-year statutory period are not necessarily time-barred.[5]

## III. Adequate Pleading Under Federal Rule of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently elaborated on the meaning of this standard:

> [Rule 8] does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a

---

to the contrary. The Supreme Court in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), held: "at least where class action status has been denied solely because of failure to demonstrate that the class is so numerous that joinder of all members is impracticable, the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 552-53. None of the factors in the narrow holding of *American Pipe* are present here.

[4] The two cases cited by Defendants in support of their statute of limitations argument are not to the contrary. Indeed, *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393 (S.D.N.Y. 1999), notes that FDCPA causes of action accrue with each communication in violation of the Act. *Id.* at 395. *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990, 1998 WL 437151 (S.D.N.Y. Aug. 3, 1998), involved a contention that each proceeding in a lawsuit amounted to a separate FDCPA violation. *Id.* at *3. *Calka* did not address whether FDCPA causes of action accrue with individual communications from a debt collector.

[5] It is also Defendants' burden to prove that individual claims are barred by the statute of limitations. *See, e.g., Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995). Defendants have not met this burden because, other than for the February 21, 2008 letter, there has been no showing regarding the dates of any communications sent to Plaintiff.

cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).[6]

Here, the sum and substance of Plaintiff's claims is as follows:

24. Defendants violated § 1692g by failing to give the full and proper 30 day notice and emphasizing language that overshadows the 30-day notice by making offers and by including various notices that do not pertain to the consumer. Defendant violated § 1692g(5) by failing to inform the consumer that she had a right to request the name and address of the original creditor by writing the debt collector.

25. Defendants violated § 1692e by using false and deceptive means in connection with the collection of the debt by the conduct alleged in the previous paragraph. Additionally the defendants falsely suggested that payment would not affect the consumer's right to dispute the debt.

26. Defendants violated § 1692f by continuing to communicate with the consumer despite their failure to give the required notices.

Am. Compl. ¶¶ 24-26.

Plaintiff failed to include in the Amended Complaint the language that allegedly violates the FDCPA, and did not connect the language to particular FDCPA provisions. Further, other than for the initial letter, Plaintiff does not provide the date of any communication from Defendants. In short, Plaintiff failed to satisfy the pleading standard of Rule 8 because his claims are legal conclusions with no factual support. *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. The Amended Complaint is dismissed without prejudice.

---

[6] When a complaint fails to comply with the pleading standard of Rule 8, a district court may dismiss it *sua sponte*. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Plaintiff is granted 14 days from the date of entry of this opinion to file a second amended complaint that either annexes and explains the offensive letters or quotes from them sufficiently so that plausibility can be assessed, and connects specific language to particular provisions of the FDCPA.[7] If Plaintiff fails to file a second amended complaint within 14 days from the date of entry of this opinion, the Amended Complaint will be dismissed with prejudice. Plaintiff is also put on notice that if he elects to file a second amended complaint and it is devoid of factual support, this case will be dismissed with prejudice. *See Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994).

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted with respect to Plaintiff's claim under the notice provision of the FDCPA, 15 U.S.C. § 1692g(a), and any claims reliant on the February 21, 2008 debt collection letter. Plaintiff's remaining claims are dismissed without prejudice. Plaintiff is granted 14 days from the date of entry of this decision to file a second amended complaint. Defendants' motion for a more definite statement is denied as moot.

**SO ORDERED.**

s/Brian M. Cogan
U.S.D.J

Dated: Brooklyn, New York
December 3, 2009

---

[7] Defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is accordingly denied as moot.

7